SELDEN E. WHITCOMB, and another,

*vs.*

CITY OF WATERVILLE.

Kennebec.　Opinion May 24, 1904.

*Assignment of Wages.*　Double assignment held void.　*R. S. 1903, c. 113, § 6.*

The statute, R. S. (1903), c. 113, § 6, provides that no assignment of wages shall be valid against any other person than the parties thereto unless properly recorded.

When two assignments of wages are made by the same person running to two different persons, each dated the same day, against the same employer, covering the same period of time, embracing the same services and recorded in the same town and at the same hour and minute, *held;* that the employer is not liable to an action thereon.

The employer is not subject in such case to the liability of twice paying the debt due to the assignor. The object of the statute was to prevent such a case; nor does knowledge, or want of knowledge, on the part of the assignees affect the employer's liability.

If an assignor sees fit to make two assignments covering the same contract, simultaneous in date and record, scienter on the part of the assignees is not a matter of discovery by the employer, nor one which affects his right of defense.

On report from the Superior Court for Kennebec County.

Judgment for defendant.

Assumpsit on account annexed to recover wages earned by one Thomas Landry, Jr. and claimed by the plaintiffs under an assignment dated May 8, 1900, and recorded on that day at 3.30 o'clock P. M.

The case also disclosed another assignment of these wages by said Landry to one Charles Coro, dated and recorded at the same time.

*Harvey D. Eaton,* for plaintiffs.

*Warren C. Philbrook,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, POWERS, PEABODY, SPEAR, JJ.

SPEAR, J.　This is an action brought by the plaintiffs, as assignees

of the wages of Thomas Landry, Jr. upon an assignment executed and recorded May 8, 1900, at 3.30 o'clock P. M., in Book 3, page 123, in the town of Winslow, Maine. Several defenses are raised in the case, but as they involve no new principle we pass directly to the consideration of the one which is vital and decisive of the question at issue.

The statute provides that no assignment of wages shall be valid against any other person than the parties thereto unless properly recorded. The record is absolutely essential to the validity of an assignment of wages involving the rights of a third party, and the prior will prevail. *Peabody* v. *Lewiston*, 83 Maine, 286. The case at bar discloses two assignments of wages made by Thomas Landry, Jr., running to two different persons, each dated the same day, against the same employer, covering the same period of time, embracing the same services and recorded upon the same day, in the same town and at the same hour and minute. If we stopped right here the two assignments would operate as a felo de se,—they devour each other. The object of the statute was to prevent just such a case. "To prevent the mischief of double assignments, and the uncertainty of assignments, the statute was passed requiring them to be in writing and recorded." *Wright* v. *Smith*, 74 Maine, 495.

It is well settled that courts of law do not recognize an assignment of a part only of an entire demand. It may be good between the parties, but the assignee has no legal remedy against the debtor who does not become a party to the arrangement. "The reason for the legal doctrine is obvious. The law permits the transfer of an entire cause of action from one person to another, because in such case the only inconvenience is the substitution of one creditor for another. But if assigned in fragments, the debtor would have to deal with a plurality of creditors. . . . He would have, instead of a single contract, a number of contracts to perform. A partial assignment would impose upon him burdens which his contract does not compel him to bear." *National Exchange Bank* v. *McLoon*, 73 Maine, p. 498, 504, 40 Am. Rep. 388; *Getchell* v. *Maney*, 69 Maine, 442.

A fortiori, should the debtor be released from bearing the burden of two equally valid assignments, each transferring all the future

earnings of the assignor, between the same dates, to two entirely distinct persons,—if this could be done and each assignment is valid, the debtor, instead of pursuing different parties whom to pay, *once,* the wages earned under the assignment, would be compelled to discover the different parties whom to pay, *twice,* the full amount of such wages.

The plaintiffs claim in their brief that the Coro assignment is inadmissible as they had no knowledge of it. But we hardly see how knowledge or lack of knowledge on the part of the assignees, as to their respective assignments, could in any way affect the liability of the defendant city. The city had no means of knowing and was not, on its part, bound to know of the assignments. It was incumbent on the assignor and assignees to do whatever was necessary to make their assignments legal and binding upon the city. It had a right to remain perfectly passive with respect to the whole transaction. If made liable at all, it must be by a compliance by the parties to the assignment with the requirements of the statute. If the assignor saw fit to make two assignments covering the same contract, simultaneous in date and record, scienter on the part of the assignees was not a matter of discovery by the debtor nor one which could affect its right of defense.

The defense set up by the defendant is, that it should not be subject to the liability of paying the debt due the assignor twice. It seems to be a valid one. If the city is held liable on the plaintiff's assignment, why not on Coro's? They are exactly alike. For anything that appears in the case one is as valid as the other. Neither has been paid. The statute of limitations is not yet a bar. It may be, as the plaintiffs claim, that Coro will never attempt to collect under his assignment, but the law cannot so assume. It must take cognizance of Coro's legal rights and act upon the presumption that he may, at any time, undertake to enforce them. It is not what he may do but what he can do that determines his legal relation to the city.

Under the evidence in this case the defendant cannot be made liable to either assignee.

According to the stipulation in the report, the entry must be,

*Judgment for defendant.*